IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PAUL STEPHENSON,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>       Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:06-cv-00117-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

       This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is Paul Stephenson's ("Plaintiff") motion for service of process.[1]

       Plaintiff previously filed a motion for leave to proceed in forma pauperis,[2] pursuant to 28 U.S.C. § 1915 (the "in forma pauperis statute"), which the court granted.[3] Plaintiff then filed a one-page complaint,[4] which states that it is a complaint under the Freedom of Information Act (the "FOIA"), *see* 5 U.S.C. § 552. Plaintiff's complaint alleges that the Federal Bureau of

---

[1] Docket no. 5.

[2] Docket no. 1.

[3] Docket no. 2.

[4] Docket no. 3.

Investigation failed to release a file under his name and seeks a court order for the release of that file.

Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  The court has determined that Plaintiff's case falls squarely within this category.

Even construing Plaintiff's pleadings liberally, as the court is required to do because he is proceeding pro se, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), his complaint fails to allege that he has exhausted all of his administrative remedies under the FOIA. By failing to include such an allegation, he has failed to state a claim upon which relief can be granted.  *See, e.g.*, *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) ("[The plaintiff] does not allege that he exhausted his remedies under [the FOIA].  In the absence of such an allegation, he states no claim upon which relief can be granted."); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (per curiam) ("We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.").  Therefore, **IT IS HEREBY RECOMMENDED** that Plaintiff's case be dismissed pursuant to the in forma pauperis statute, thereby rendering moot his motion for service of process.[5]

---

[5] Docket no. 5.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of December, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge